**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| SAGECREST II LLC | ) | CASE NO. 08-50754 (AHWS) |
| SAGECREST FINANCE LLC | ) | CASE NO. 08-50755 (AHWS) |
| SAGECREST HOLDINGS LIMITED | ) | CASE NO. 08-50763 (AHWS) |
| SAGECREST DIXON INC., | ) | CASE NO. 08-50844 (AHWS) |
| | ) | |
| DEBTORS. | ) | JOINTLY ADMINISTERED UNDER |
| | ) | CASE NO. 08-50754 (AHWS) |

**MOTION TO (I) APPROVE PROPOSED DISCLOSURE STATEMENT,
(II) APPROVE PROCEDURES TO SOLICIT ACCEPTANCES OF
PROPOSED JOINT PLAN, AND (III) SCHEDULE A HEARING AND
ESTABLISH NOTICE AND OBJECTION PROCEDURES
FOR CONFIRMATION OF PROPOSED JOINT PLAN**

SageCrest II LLC ("SC II"), SageCrest Finance LLC ("Finance"), SageCrest Holdings Limited ("Holdings"), SageCrest Dixon Inc. ("Dixon," collectively, the "Debtors"), and the Official Committee of Equity Security Holders (the "Committee" and with the foregoing parties, the "Movants") file this motion for certain relief with respect to their Disclosure Statement and Joint Plan (as defined below), and respectfully state as follows:

**I.**
**JURISDICTION AND VENUE**

1.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.**
**RELIEF REQUESTED**

2.    On August 9, 2010, the Movants filed their Joint Plan of Liquidation (as may be amended or modified, the "Proposed Plan," dkt. 1135) and a Disclosure Statement therefor (as may be revised, the "Proposed Disclosure Statement," dkt. 1136).

3. Pursuant to sections 105, 502, 1125, 1126, and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002, 3003, 3017, 3018, and 3020, the Movants request that the Court:

(a) approve the Proposed Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code;

(b) approve procedures (the "Solicitation Procedures") for the Movants to solicit acceptances of the Proposed Plan, including:

> (1) determining which classes of creditors and equity interests may vote to accept or reject the Proposed Plan;
>
> (2) setting the date of the entry of an order approving the Proposed Disclosure Statement (the "Voting Record Date") as the date and time that determines which holders of claims and equity interests may vote to accept or reject the Proposed Plan or receive notice of non-voting status;
>
> (3) setting **October 19, 2010 at 5:00 p.m. Eastern Time** (the "Balloting Deadline") as the deadline by which the Balloting Agent must receive a Ballot (as defined below) for such Ballot to be counted;
>
> (4) approving the materials to be sent to holders of claims and equity interests entitled to vote on the Proposed Plan;
>
> (5) approving the forms of ballots (each a "Ballot" and collectively the "Ballots") substantially in the forms attached hereto collectively as Exhibit A;
>
> (6) establish voting and tabulation procedures; and
>
> (7) approving a notice to holders of claims and equity interests not entitled to vote on the Proposed Plan (the "Notice of Non-Voting Status") substantially in the form of Exhibit B attached hereto; and

(c) approve procedures for the confirmation of the Proposed Plan, including:

> (1) scheduling a hearing on **November 2, 2010** (the "Confirmation Hearing") to confirm the Proposed Plan;
>
> (2) approving the form and manner of notice of the Confirmation Hearing (the "Confirmation Hearing Notice") substantially in the form of Exhibit C attached hereto; and
>
> (3) establishing **October 19, 2010 at 5:00 p.m. Eastern Time** as the deadline to file and serve objections to confirmation of the Proposed Plan.

## III.
## THE PROPOSED DISCLOSURE STATEMENT CONTAINS ADEQUATE INFORMATION AND SHOULD BE APPROVED

4. Pursuant to section 1125 of the Bankruptcy Code, before soliciting an acceptance or rejection of the Proposed Plan, the Movants must provide holders of impaired claims and equity interests with "adequate information" about the Proposed Plan in the form of a court-approved disclosure statement. The adequacy of information largely depends on the circumstances of the case and the nature of the proposed plan, and is thus left to the discretion of the Court. *Mabey v. Southwestern Elec. Power Co. (In re Cajun Elec. Power Coop., Inc.),* 150 F.3d 503, 518 (5th Cir. 1998); *In re A.H. Robins Co., Inc.*, 880 F.2d 694, 696 (4th Cir. 1989); *In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008). Generally, a disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by creditors entitled to vote on the plan. *See In re Dakota Rail, Inc.,* 104 B.R. 138, 142 (Bankr. D. Minn. 1989); *In re Copy Crafters Quickprint Inc.,* 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of disclosure statement "is to be determined on a case-specific basis under a flexible standard).

5. The bankruptcy court has broad discretion in examining the adequacy of the information in a disclosure statement. *Cajun Elec.,* 150 F.3d at 518; *In re Oxford Homes,* 204 B.R. 264 (Bankr. D. Me. 1997) (Congress intentionally drew vague contours of what constitutes adequate information so bankruptcy courts can tailor them to each case's circumstances); *Dakota Rail,* 104 B.R. at 143 (court has "wide discretion to determine ... whether a disclosure statement contains adequate information without burdensome, unnecessary and cumbersome detail"). Thus, the determination of whether a disclosure statement contains adequate information is to be made on the unique facts and circumstances of each case. *In re Phoenix Petroleum* Co., 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001).

6.  Courts generally examine whether the disclosure statement contains the following types of information, where applicable:

(a) the circumstances that gave rise to the filing of the bankruptcy petition;

(b) an explanation of the available assets and their value;

(c) the anticipated future of the debtor;

(d) the source of the information provided in the disclosure statement;

(e) a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

(f) the condition and performance of the debtor while in chapter 11;

(g) information about claims against the estate;

(h) a liquidation analysis regarding the estimated return that creditors would receive under chapter 7;

(i) a summary of the plan of reorganization or liquidation;

(j) an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

(k) information relevant to the risks being taken by the creditors and interest holders; and

(l) the actual or projected value that can be obtained from avoidable transfers; the existence, likelihood, and possible success of nonbankruptcy litigation; and the tax consequences of the plan.

*See, e.g., In re U.S. Brass Corp.,* 194 B.R. 420, 424 (Bankr. E.D. Tex. 1996); *In re Scioto Valley Mortgage Co.,* 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988); *see also Oxford,* 104 B.R. at 269 (using a similar list). These factors are not meant to be exclusive, nor must a debtor provide all the information on the list; rather, the court must decide what is appropriate in each case. *Phoenix Petroleum,* 278 B.R. at 393; *U.S. Brass Corp.,* 194 B.R. at 425.

7.  In addition to the types of information courts typically require, a disclosure statement provides an overview of the chapter 11 process for those creditors who may be

unfamiliar with chapter 11. A disclosure statement also provides an analysis of the alternatives to a proposed plan and concludes with the plan proponents' recommendation that creditors and interest holders should vote to accept the proposed plan.

8. The Movants submit that the Proposed Disclosure Statement contains information with respect to the applicable subject matters identified above, including, but not limited to:

(a) the material terms of the Proposed Plan, including, without limitation, how the Proposed Plan treats creditors and equity holders, the management of the Debtors and their assets after the Effective Date,[1] and how distributions under the Proposed Plan will be made (Section IV);

(b) the Debtors' business and the reasons why they commenced their chapter 11 cases (Sections V and VI);

(c) significant events during the Debtors' chapter 11 cases (Section VI);

(d) the procedure for confirming the Proposed Plan (Section VIII.B & C);

(e) information about claims and interests (Section IV);

(f) certain risk factors creditors and interest holders should consider before voting (Section IX);

(g) certain tax laws issues (Section XI); and

(h) instructions for submitting votes on the Proposed Plan and who is entitled to vote (Section VIII.A).

9. The Proposed Disclosure Statement also provides an analysis of the alternatives to the confirmation of the Proposed Plan (Section X) and concludes with a recommendation by the Movants that creditors and interest holders should vote to accept the Proposed Plan.

10. The Proposed Disclosure Statement contains the types of information that bankruptcy courts typically consider when determining the adequacy of a disclosure statement and meets the requirements of section 1125 of the Bankruptcy Code. Accordingly, the Movants respectfully request that this Court approve the Proposed Disclosure Statement.

---

[1] Each capitalized term used but not defined herein shall have the meaning ascribed thereto in the Proposed Plan.

## IV.
## SOLICITATION PROCEDURES

**A.     Holders of Claims and Equity Interests Entitled to Vote**

11.     The Proposed Plan provides for thirty (30) classes of claims against and equity interests in the Debtors.  The Proposed Plan impairs Classes 3A, 3B, 4, 5D, 6A-6D, 7, 8, 9A-9D, and 10B-10D (the "Voting Classes").  Accordingly, members of the Voting Classes are entitled to receive an appropriate Ballot and vote on the Proposed Plan.

12.     The Proposed Plan leaves Classes 1A-1D, 2A-2D, 5A-5C and 10A (the "Non-Voting Classes") unimpaired, and holders of claims and interests in those classes are conclusively deemed to accept the Plan.  Thus, holders of claims or equity interests in the Non-Voting Classes are not entitled to vote on the Proposed Plan.

**B.     The Voting Record Date**

13.     Bankruptcy Rules 3017(d) and 3018(a) provide that the record date for the purpose of soliciting votes on a chapter 11 plan shall be the date the order approving the disclosure statement is entered, unless the Court fixes another date for cause after notice and a hearing.  In accordance with these rules, the Movants request that the Court set the Voting Record Date as the date of entry of an order approving the Proposed Disclosure Statement.  Equity interest holders in Classes 10B-10D are entitled to vote on the Proposed Plan.  Only those holders of equity interests in SC Holdings, SC II, and SC Dixon that are reflected in the Debtors' books and records as of the Voting Record Date will be the holders of record and will be entitled to vote in Classes 10B-10D.  The Voting Record Date will have no preclusive effect as to distributions under the Proposed Plan.

C.  **Solicitation Packages and Procedures for Distribution Thereof**

14.  Bankruptcy Rule 3017(d) sets forth the disclosure and notice requirements for soliciting votes on a proposed plan:

> Upon approval of a disclosure statement — except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders — the debtor in possession ... shall mail to all creditors and equity security holders, and ... the United States trustee,
>
> (1)  the plan or a court-approved summary of the plan;
>
> (2)  the disclosure statement approved by the court;
>
> (3)  notice of the time within which acceptances and rejections of such plan may be filed; and
>
> (4)  any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

15.  The Movants propose to distribute the following materials (the "Voting Solicitation Package") to each member of the Voting Classes:

(a)  the order approving the Proposed Disclosure Statement;

(b)  the Confirmation Hearing Notice;

(c)  the Proposed Disclosure Statement, including the Proposed Plan as an exhibit;

(d)  a Ballot with instructions and a return envelope; and

(e)  such other materials as the Court may direct.

16.  The Movants intend to send to each holder of a claim or interest in the Non-Voting Classes a Notice of Non-Voting Status, as described in more detail in Section III.D below.

17. The Movants propose to distribute the following materials (the "Notice Solicitation Package" and with the Voting Solicitation Packages and the Notice of Non-Voting Status, the "Solicitation Packages") to (a) the U.S. Trustee and (b) all other parties requesting service in these chapter 11 cases:

(a) the order approving the Proposed Disclosure Statement;

(b) the Confirmation Hearing Notice;

(c) the Proposed Disclosure Statement, including the Proposed Plan as an exhibit; and

(d) such other materials as the Court may direct.

18. Except as provided above, the Movants shall mail the Solicitation Packages within three (3) business days after entry of an order granting this Motion (the "Solicitation Date") to the mailing address listed in the proof of claim, if any, associated with each claim or interest holder or the mailing address for the claim or interest holder listed in the Debtors' Schedules or the Debtors' books and records.

19. The United States Postal Service has returned some notices mailed during the Debtors' chapter 11 cases as undeliverable. The Movants submit that sending Solicitation Packages to the same addresses would be wasteful. Therefore, in an effort to conserve resources, the Movants will send Solicitation Packages only to known deliverable addresses; provided, however, the Movants will send a Solicitation Package to any entity who provides written notice to the Debtors of a new mailing address or forwarding address prior to the Solicitation Date.

**D.** **Notices of Non-Voting Status**

20. Bankruptcy Rule 3017(d) provides, in relevant part, as follows:

> If the court orders that the disclosure statement and the plan … shall not be mailed to any unimpaired class, notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan … and disclosure statement may be obtained upon request and at the plan proponent's expense, shall be mailed to members of the

unimpaired class together with the notice of the time fixed for filing objections to and the hearing on confirmation.

21. Holders of claims and equity interests in the Non-Voting Classes are conclusively deemed to accept the Proposed Plan pursuant to section 1126(f) of the Bankruptcy Code. As noted earlier, the Movants propose to send such holders a Notice of Non-Voting Status, substantially in the form annexed hereto as Exhibit B. The Notice of Non-Voting Status will indicate that the holder of such claim or equity interest is unimpaired, is deemed to accept the Proposed Plan, and is not entitled to vote on the Proposed Plan.

E. **Approving Forms of Ballots**

22. Bankruptcy Rule 3017(d) requires a debtor to mail a form of ballot, substantially in the form of Official Form No. 14 ("Official Ballot Form"), to creditors and equity security holders entitled to vote on a plan. Bankruptcy Rule 3018(c) provides that, to be valid, a ballot shall be written, signed by the claim or interest holder or an authorized agent, and appropriately conformed to the Official Ballot Form.

23. As indicated above, only the members of the Voting Classes are entitled to vote. Accordingly, the Movants propose to distribute to the members of the Voting Classes one or more ballots substantially in the form annexed hereto collectively as Exhibit A. The Movants have modified the Official Ballot Form to include certain additional information or procedures that the Movants believe to be relevant and appropriate for the respective classes.

24. To be counted, a Ballot must be received in accordance with the voting procedures outlined below.

### F.  Voting and Tabulation Procedures

(i)  Balloting Deadline

25.  Bankruptcy Rule 3017(c) provides that the Court shall fix a time within which the holders of claims or equity security interests may accept or reject a plan.  The Movants will mail the Solicitation Packages within three (3) business days of entry of an order granting the relief requested herein.  Based on such schedule, the Movants propose that to be counted as a vote to accept or reject the Proposed Plan, each Ballot must be properly executed, completed, and delivered to the Balloting Agent so that the Balloting Agent receives it no later than the Balloting Deadline of **October 19, 2010 at 5:00 p.m. Eastern Time,** which is more than 31 days after the anticipated Solicitation Date.  The Movants submit that such solicitation period is a sufficient period for holders of claims and equity interests to make an informed decision whether to accept or reject the Proposed Plan.

(ii)  Procedures to Tabulate Votes

26.  The Movants propose the following procedures for tabulating Ballots:

(a) a Ballot shall be disregarded if the Court determines, after notice and a hearing, that a vote was not solicited or procured in good faith or in accordance with the Bankruptcy Code;

(b) all votes to accept or reject the Proposed Plan must be cast by using the appropriate Ballot and in accordance with the voting instructions attached to each Ballot and/or as set forth on the Ballot and votes cast in any other manner may not be counted;

(c) any Ballot that is unsigned or has a non-original signature shall not be counted;

(d) any Ballot that partially accepts and partially rejects the Proposed Plan shall not be counted;

(e) any entity entitled to vote to accept or reject the Proposed Plan may change its vote before the Balloting Deadline by casting a superseding Ballot so that it is received on or before the Balloting Deadline;

(f) as to any entity that is entitled to vote and casts more than one Ballot voting the same claim or equity interest before the Balloting Deadline, only the last Ballot timely received shall count;

(g) if the Balloting Agent receives multiple Ballots in one class from the holder of a claim or equity interest on the same day but which are voted inconsistently, only the Ballot accepting the Proposed Plan shall be counted;

(h) any executed Ballot timely received by the Balloting Agent that does not indicate either an acceptance or a rejection of the Proposed Plan shall not be counted;

(i) any executed Ballot that indicates both acceptance and rejection of the Proposed Plan shall not be counted; and

(j) any Ballot received by electronic mail shall not be counted.

27. The foregoing tabulation procedures are subject to change and may be amended at any time at or before the hearing to approve the Proposed Disclosure Statement (the "Disclosure Statement Hearing"). These tabulation procedures, including any amendment thereto, will be submitted for Court approval at the Disclosure Statement Hearing and will be incorporated into the voting instructions to be included with each Ballot. The Movants believe the foregoing proposed procedures provide for a fair and equitable voting process.

(iii) Estimation for Voting Purposes

28. The holder of a claim or interest may vote to accept or reject a plan, unless such claim or interest is subject to an objection. *See* 11 U.S.C. §§ 1126(a) (holder of allowed claim or interest may vote); 502(d) (claim or interest is deemed allowed unless a party in interest objects). Bankruptcy Rule 3018(a) provides that after notice and a hearing, the Court may temporarily allow such claim or interest that is subject to an objection in an amount the Court deems proper for the purpose of accepting or rejecting a plan.

29. Consistent with these provisions, the Movants request that the Court set October 8, 2010 (i.e., ten days before the Balloting Deadline) as the deadline for any person in the Voting Classes, other than Classes 8 and 10C, to file a motion under Bankruptcy Rule

3018(a) to estimate any claim or interest that is subject to an objection for voting purposes, unless the objection to such claim or interest is filed on or after October 1, 2010, in which event the deadline for filing a motion to estimate such claim or interest for voting purposes shall be the earlier of 14 days after the claim objection is filed or October 26, 2010 (i.e., seven days before the Confirmation Hearing).

30. Notwithstanding the foregoing paragraph 29, the Proposed Plan has specific provisions for parties in Classes 8 (Redemption Claims) and 10C (Interests in SC II) to request that the Court estimate the amount of their claims or interests for voting purposes (i.e., by filing a proof of claim (Class 8) before the Redemption Claim Bar Date (21 days before the Balloting Deadline), or by submitting a Class 10C Ballot with an asserted amount of a Class 10C Interest in SC II before the Balloting Deadline). Persons in those Voting Classes must seek estimation of their claims or interests for voting purposes pursuant to the methods and deadlines specified in the Plan and shall not be required to file a motion to estimate pursuant to paragraph 29 above.

## V.
## THE CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES REGARDING CONFIRMATION OF THE PROPOSED PLAN

### A.    The Confirmation Hearing

31. Bankruptcy Rule 3017(c) provides that the Court may fix a date for the hearing on confirmation. Bankruptcy Rule 2002(b) requires that all creditors be given at least 28 days' notice of the confirmation hearing. In accordance with these Bankruptcy Rules and in view of the proposed solicitation procedures described herein, the Movants request that the Confirmation Hearing be scheduled, subject to the Court's availability, on **November 9, 2010,** which is more than 45 days after the expected transmittal of the Solicitation Packages. The Confirmation Hearing may be continued from time to time by the Court or the Movants without further notice other than adjournments announced in open court at the Confirmation

Hearing or any subsequent adjourned Confirmation Hearing. The Proposed Plan may be modified under section 1127 of the Bankruptcy Code prior to, during, or as a result of the Confirmation Hearing, in each case without further notice to parties in interest. The Movants submit that the proposed timing for the Confirmation Hearing complies with the Bankruptcy Code and the Bankruptcy Rules, and will enable the Movants to pursue confirmation of the Proposed Plan in a timely fashion.

B.    **Objections to Confirmation of the Proposed Plan; Responses to Objections**

32.    Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a proposed plan must be filed and served within a time fixed by the Court, and Bankruptcy Rule 2002(b) requires at least 28 days' notice of such objection deadline. The Movants request that the Court implement the following procedures and deadlines for filing objections to the Proposed Plan:

(a)    objections to confirmation of or proposed modifications to the Proposed Plan, if any, must (i) be in writing; (ii) conform to the Bankruptcy Rules; and (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds therefor; and

(b)    all objections to the confirmation of the Proposed Plan must be filed with the Clerk of the Court no later than **October 19, 2010 at 5:00 p.m. Eastern Time** (the "Objection Deadline") and served on counsel for the Movants and the U.S. Trustee.

33.    The proposed timing for filing and serving objections to the confirmation of the Proposed Plan will afford the Court, the Movants, and other parties in interest sufficient time to consider any objections to the Proposed Plan prior to the Confirmation Hearing. Objections not timely filed and served may be overruled on that basis alone.

34.    The Movants further request that the Court permit the Movants (individually or jointly) and any other party to file a response to any objections to confirmation of the Proposed Plan no later than three (3) days before the commencement of the Confirmation Hearing. The

Movants respectfully request that the Court approve these procedures for filing objections to the Proposed Plan and responses to such objections.

### C. Notice of the Confirmation Hearing

35. Bankruptcy Rule 2002(b) and (d) require notice to all creditors and equity security holders of the Objection Deadline and the Confirmation Hearing. In accordance with Bankruptcy Rules 2002 and 3017(d), all Solicitation Packages will contain a copy of the Confirmation Hearing Notice, which sets forth (a) the Voting Record Date, (b) the Balloting Deadline, (c) the Objection Deadline, and (d) the time, date, and place for the Confirmation Hearing. The Movant request that the Court approve the form of the Confirmation Hearing Notice attached hereto as Exhibit C.

Dated: August 17, 2010

Respectfully submitted,

| | |
|---|---|
| NELIGAN FOLEY LLP | COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A. |
| By:/s/ Douglas J. Buncher (PHV 02880)<br>    Douglas J. Buncher<br>    dbuncher@neliganlaw.com<br>    State Bar No. 03342700<br>    Patrick J. Neligan, Jr.<br>    State Bar No. 14866000<br>    pneligan@neliganlaw.com | By: /s/ Laurence May<br>    Laurence May (LM-9714)<br>    Neil Y. Siegel (NS-3216)<br><br>900 Third Avenue, 16th Floor<br>New York, NY 10022<br>Telephone: (212) 752-8000<br>Fax: (212) 752-8393 |
| 325 N. St. Paul, Suite 3600<br>Dallas, Texas 75201<br>(214) 840-5300<br>(214) 840-5301 (fax) | Douglas Skalka, Esq.<br>NEUBERT, PEPE & MONTEITH, P.C.<br>195 Church Street, 13th Floor<br>New Haven, CT 06510-2009<br>Telephone: (203) 821-2000 |
| ZEISLER & ZEISLER, P.C.<br>James Berman<br>558 Clinton Avenue<br>Bridgeport, CT 06605<br>(203) 368-4234<br>(203) 367-9678 (fax)<br>COUNSEL FOR SAGECREST II LLC | COUNSEL FOR SAGECREST HOLDINGS LIMITED |

Motion to Approve Disclosure Statement and Grant Related Relief -        Page 14 of 15

*/s/ Dennis S. Meir*
Dennis S. Meir (GA Bar No. 501100)
Paul M. Rosenblatt (GA Bar No. 614522)
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309-4530
(404) 815-6500 (Telephone)
(404) 81506555 (Facsimile)
dmeir@kilpatrickstockton.com
prosenblatt@ kilpatrickstockton.com

and

Eric Henzy
Reid and Riege, P.C.
195 Church Street, 15th Floor
New Haven, CT  06510
Phone:  (860) 240-1081
Fax:  (860) 240-1002
ehenzy@reidandriege.com

COUNSEL FOR THE OFFICIAL
COMMITTEE OF EQUITY SECURITY
HOLDERS